# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAU REDIX,<br><br>             Plaintiff,<br><br>     v.<br><br>NAVARRO, *et al.*,<br><br>             Defendants. | Case No. 1:20-cv-01647-JLT-SAB (PC)<br><br>ORDER HOLDING IN ABEYANCE PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT<br><br>(ECF No. 39)<br><br>ORDER DIRECTING DEFENDANTS TO FILE STATUS REPORT<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Esau Redix ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 9, 2021, a settlement conference was held before the undersigned. The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement. (ECF No. 35.)

On November 19, 2021, Plaintiff and Defendants Campos and Gonzales filed a stipulation to dismiss Defendants Campos and Gonzales, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 36.) The same date, the remaining parties filed a stipulation to dismiss this action, with prejudice, pursuant to Rule 41(a)(1)(A)(ii), and indicating that the Court will retain jurisdiction over this matter for one year for enforcement of settlement purposes only. (ECF No. 37.) The action was then closed. (ECF No. 38.)

On February 1, 2022, Plaintiff filed a letter to the undersigned, stating that as of January 18, 2022, he has not received any funds and requesting an explanation. (ECF No. 39.) The Court construed Plaintiff's letter as a motion to enforce the settlement agreement and directed Defendants to file a response within twenty-one days. (ECF No. 40.)

Defendants filed an opposition on February 4, 2022. (ECF No. 41.) Defendants argue

1  that the terms of the settlement are clear, and provide CDCR 180 days from the date Plaintiff's
2  final settlement documents were received in which to disperse Plaintiff's settlement funds.  As
3  180 days had not passed, at the time Plaintiff's motion and Defendants' opposition were filed,
4  there was no breach of the settlement agreement and the motion should be denied.  (*Id.*)

5  As noted in the settlement terms placed on the record on November 9, 2021, the agreed
6  payment from Defendants could take as long as one-hundred eighty (180) days from completion
7  of all necessary settlement paperwork.  (See ECF No. 35.)  Dispositional documents were filed in
8  this action on November 19, 2021, which is only seventy-four (74) days from the date of filing of
9  Plaintiff's motion to enforce the settlement agreement.  As the full 180 days had not yet expired,
10 Plaintiff's motion for enforcement of the settlement agreement was premature at the time it was
11 filed.

12 However, the Court notes that 180 days have now passed since the filing of dispositional
13 documents, and no further updates have been filed by any party.  As the Court's jurisdiction
14 extends only to one year from November 19, 2021, the Court finds it appropriate to hold
15 Plaintiff's motion in abeyance and direct Defendants to file a status report regarding payment of
16 the settlement amount.

17 Accordingly, IT IS HEREBY ORDERED as follows:

18 1. Plaintiff's motion to enforce the settlement agreement, (ECF No. 39), is HELD IN
19    ABEYANCE; and
20 2. Defendants SHALL FILE, within **fourteen (14) days** from the date of service of this
21    order, a status report regarding whether the agreed payment has been issued to Plaintiff
22    and the settlement terms have been fulfilled.

IT IS SO ORDERED.

Dated:   **August 30, 2022**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE