# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAU REDIX,<br><br>          Plaintiff,<br><br>   v.<br><br>NAVARRO, *et al.*,<br><br>          Defendants. | Case No.: 1:20-cv-01647-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT<br><br>(ECF No. 39) |

      Plaintiff Esau Redix ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 9, 2021, a settlement conference was held before the undersigned. The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement. (ECF No. 35.)

      On November 19, 2021, Plaintiff and Defendants Campos and Gonzales filed a stipulation to dismiss Defendants Campos and Gonzales, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 36.) The same date, the remaining parties filed a stipulation to dismiss this action, with prejudice, pursuant to Rule 41(a)(1)(A)(ii), and indicating that the Court will retain jurisdiction over this matter for one year for enforcement of settlement purposes only. (ECF No. 37.) The action was then closed. (ECF No. 38.)

///

On February 1, 2022, Plaintiff filed a letter to the undersigned, stating that as of January 18, 2022, he had not received any funds and requesting an explanation. (ECF No. 39.) The Court construed Plaintiff's letter as a motion to enforce the settlement agreement and directed Defendants to file a response within twenty-one days. (ECF No. 40.) Defendants filed an opposition on February 4, 2022, arguing that Plaintiff's motion was premature, as it was filed prior to the 180-day deadline for Defendants to disburse Plaintiff's settlement funds. (ECF No. 41.)

On August 31, 2022, noting that more than 180 days had passed since the filing of dispositional documents, and the Court's jurisdiction extends only to one year from November 19, 2021, the Court issued an order holding Plaintiff's motion in abeyance and directed Defendants to file a status report regarding payment of the settlement amount. (ECF No. 43.)

On September 13, 2022, Defendants filed a status report indicating that defense counsel was informed by the California Department of Corrections and Rehabilitation ("CDCR") that the settlement proceeds were paid to Plaintiff on February 15, 2022. (ECF No. 44.)

In light of Defendants' status report indicating that payment was made in full shortly after the filing of Plaintiff's motion, and the lack of any communication from Plaintiff, it appears that CDCR has disbursed the settlement proceeds to Plaintiff in accordance with the terms of the settlement agreement.

Accordingly, Plaintiff's motion to enforce the settlement agreement, (ECF No. 39), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **September 15, 2022**          /s/ Barbara A. McAuliffe          
                                         UNITED STATES MAGISTRATE JUDGE